## Case No. 2,259.
### In re BUXBAUM.
[2 Hughes, 339;[2] 13 N. B. R. 477.]
District Court, E. D. North Carolina.

BANKRUPTCY—APPEARANCE OF CREDITOR—FILING SPECIFICATIONS IN OPPOSITION TO DISCHARGE.

1. Notice of creditors' appearance in opposition to discharge, addressed to the register, bearing date on the day of hearing of the petition for discharge, was filed with the clerk of the court at a general term thereof, more than a year thereafter, and was never filed with the register.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

2. Creditors' specifications of grounds of opposition to discharge were filed with the register on the day after the final hearing. *Held*, that the specifications were not filed in accordance with the provisions of law, and could not be considered. The discharge granted.

[In bankruptcy. In the matter of the discharge of Joseph Buxbaum.]

BROOKS, District Judge. The question presented by the certificate of Mr. Register Shaffer is, were the specifications of objections to the discharge of the bankrupt properly filed, so that they may be considered by the court? It appears that the meeting of creditors to show cause against the bankrupt's discharge was duly ordered upon his petition, the required notice and publication made, and the meeting held accordingly, whereat no notice was given by any creditor of a purpose to oppose the discharge. The final oath was administered to the bankrupt, and the meeting adjourned sine die. A paper now appears, purporting to be a notice of opposition to the bankrupt's discharge, dated 27th July, 1869, the day on which the meeting was held, signed by the solicitors of certain creditors. Upon this paper the clerk indorses, "Filed at Salisbury, August term, 1870;" and the register certifies, "This paper I have never seen before the 1st day of December, 1875."

It further appears that the specifications of objections were filed with the register August 5th, 1869, nine days after the final meeting was held and adjourned without day. Specifications of grounds of opposition to discharge may be properly filed with the clerk within the ten days allowed by the rule, or the further time which may be allowed by the order of the court; but notice of the intention of the creditor or of the assignee to oppose the discharge must be made known to the register at the final meeting. Then it becomes the duty of the register to adjourn the case into the district court for further proceedings; but whenever filed, they can only be considered, and issues of law or fact arising thereon tried, when filed at the meeting to show cause, or pursuant to notice of opposition then and there given. The specifications in this case were not filed in accordance with any provision of the law. They cannot be considered, and the bankrupt is therefore entitled to his discharge.